## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Michael Hynd <br>                                  <u>Debtor</u> | CHAPTER 13 |
| PACIFIC UNION FINANCIAL, LLC <br>                              <u>Movant</u> <br> vs. | NO. 18-10193 ELF |
| John Michael Hynd <br>                                  <u>Debtor</u> | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller Esq. <br>                                  <u>Trustee</u> | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,589.62**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September at $2,120.66/month |
| Suspense Balance: | $562.04 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$2,589.62** |

2. The Debtors shall cure said arrearages in the following manner:

    a) Debtor is currently in an active trial modification with three monthly payments due October 1, 2018, November 1, 2018, and December 1, 2018 at $2,353.46/month.

    b) Debtor shall complete the trial modification and enter into a permanent modification, which will cure all pre- and post- petition arrears.

    c) Upon Debtor's successful completion of the above-mentioned trial modification, Movant shall file an Amended or Supplemental Proof of Claim.

    d) The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due October 1, 2018 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $2,353.46 (or as adjusted pursuant to the terms of the mortgage and/or modification) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the permanent modification referenced under Section 2 is not successfully completed, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice by filing a Motion to File an Amended Plan to include all arrears in the bankruptcy plan. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 5, 2018

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 10-11-2018

Jeffery Fournier, Esquire
Attorney for Debtors

Date: 10/15/18

LeRoy Etheridge for
William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any
trustee rights or remedies.

# O R D E R

Approved by the Court this 16th day of October, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank