United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 18-10193-elf
John Michael Hynd                                                       Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: PaulP           Page 1 of 1          Date Rcvd: Oct 17, 2018
                             Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 19, 2018.
db             +John Michael Hynd,   25 Inland Road,   Levittown, PA 19057-2305

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 19, 2018                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 17, 2018 at the address(es) listed below:
         JEFFERY A. FOURNIER   on behalf of Debtor John Michael Hynd jefffournier@verizon.net
         JOHN A. TORRENTE   on behalf of Creditor   BUCKS COUNTY TAX CLAIM BUREAU
          jtorrente@begleycarlin.com
         REBECCA ANN SOLARZ   on behalf of Creditor   Pacific Union Financial, LLC bkgroup@kmllawgroup.com
         United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER, Esq.   on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
          philaecf@gmail.com
         WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                              TOTAL: 6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Michael Hynd | | CHAPTER 13 |
| | Debtor | |
| | | |
| PACIFIC UNION FINANCIAL, LLC | | |
| | Movant | NO. 18-10193 ELF |
| vs. | | |
| | | |
| John Michael Hynd | | |
| | Debtor | |
| | | 11 U.S.C. Sections 362 and 1301 |
| | | |
| William C. Miller Esq. | | |
| | Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is

**$2,589.62,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September at $2,120.66/month |
| Suspense Balance: | $562.04 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$2,589.62** |

2.      The Debtors shall cure said arrearages in the following manner:

a)  Debtor is currently in an active trial modification with three monthly payments due October 1, 2018, November 1, 2018, and December 1, 2018 at $2,353.46/month.

b) Debtor shall complete the trial modification and enter into a permanent modification, which will cure all pre- and post- petition arrears.

c) Upon Debtor's successful completion of the above-mentioned trial modification, Movant shall file an Amended or Supplemental Proof of Claim.

d) The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due October 1, 2018 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $2,353.46 (or as adjusted pursuant to the terms of the mortgage and/or modification) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.    Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.    In the event the permanent modification referenced under Section 2 is not successfully completed, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice by filing a Motion to File an Amended Plan to include all arrears in the bankruptcy plan. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.    In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10.     The parties agree that a facsimile signature shall be considered an original signature.


Date:    October 5, 2018

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant


Date: 10-11-2018

Jeffery Fournier, Esquire
Attorney for Debtors


Date: 10/15/18

McRoy Etheridge for

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any
trustee rights or remedies.


# ORDER

Approved by the Court this 16th day of _____October_____, 2018.  However, the court retains
discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank